# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| TONI RUSSELL, | CASE NO. 12cv2764-LAB (WVG) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND** |
| vs. | |
| COLLECTION COMPANY OF AMERICA, | **ORDER SCREENING AND DISMISSING COMPLAINT** |
| Defendant. | |

On November 15, 2012, Plaintiff Toni Russell filed her complaint for an alleged violation of the Fair Credit Reporting Act (FCRA). Along with her complaint, she filed a motion to proceed *in forma pauperis* (IFP).

The Court has reviewed the IFP motion, finds Russell is without funds to pay the filing fee, and **GRANTS** the motion.

The Court is required to screen the complaint of a plaintiff proceeding IFP, and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Russell alleges Defendant Collection Company of America ("CCA") obtained her credit report on April 22, 2009 with no legitimate purpose. She seeks $1000 in statutory

damages for what she alleges was a willful violation of the FCRA.[1]  The numerous legitimate purposes for obtaining credit reports are set forth in 15 U.S.C. § 1681b.

Although the complaint states some elements of a claim, several defects require that it be dismissed. First, it contains an important factual contradiction. In an effort to show her claim was within the statute of limitations, Russell alleged that she first discovered the violation in November of 2012. (Compl., ¶ 9.) She also, however, alleged that she sent notices to CCA of their violation on October 20, 2012 and again on October 31, 2012. Obviously, it cannot be that Russell sent CCA notices of a violation she herself had not yet discovered.

Secondly, Russell's allegations are insufficient to state a claim, under the standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under this standard, she must ""plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678 (quoting *Twombly* at 570.) The Complaint refers to CCA's reasons for obtaining the report, by stating that CCA has never "provided any valid justification they may have had" for obtaining her report, and also that CCA "had a duty to properly ascertain if there was any **legitimate** permissible purpose" before obtaining her report. (Compl., ¶ 21, emphasis in original.) While the complaint does not say so directly, it implies that CCA provided some kind of reason for obtaining her report, but that Russell does not think it was a legitimate one. Russell's opinions about whether a reason was legally valid or legitimate, however, are merely legal conclusions, not factual allegations.[2]

While Russell has attempted to show CCA had no permissible reasons for obtaining her report, such as by alleging she never had any business dealings with CCA or gave CCA

---

[1] A plaintiff can obtain either actual damages or $1000 statutory damages, whichever is greater, for willful violations of the FCRA, but only actual damages for negligent noncompliance. *See* 15 U.S.C. §§ 1681n, 1681o.

[2] It may also be that CCA didn't send a reply because it hadn't yet had time to reply to Russell's requests. It is important that, whatever factual allegations the complaint makes should be to the best of Russell's knowledge, information, and belief, formed after an inquiry that was reasonable under the circumstances. *See* Fed. R. Civ. P. 11(b)(3).  This could mean allowing CCA more than just a few weeks to look into its records and make a reply.

permission to obtain her credit report (Compl., ¶ 16), the Complaint's allegations do not address all reasonably possible purposes CCA may plausibly have had in obtaining the report. For example, even accepting all the allegations as true, the distinct possibility remains that CCA was acting as an agent for a person or company who was entitled to obtain a copy of the report, such as an insurer, someone Russell had authorized to obtain her report, or a creditor attempting to collect a debt based on a transaction Russell had initiated with some other company. *See Thao Pham v. Solace Financial, LLC*, 2012 WL 5471160, slip op. at *2 (N.D.Cal., Nov. 9, 2012) (holding that FCRA claimant bore the burden of showing that defendant was not acting as agent for a bank the claimant authorized to obtain a credit report, and was not acting to collect a debt arising from a transaction the plaintiff had initiated).[3]

In short, the Complaint leaves open too many plausible reasons CCA might have legitimately obtained Russell's credit report. There are enough omissions in the allegations that, even accepting them all as true, it is less than plausible Russell is entitled to relief. The Complaint does not meet the *Twombly-Iqbal* standard, and is therefore **DISMISSED WITHOUT PREJUDICE**.

If Russell believes she can amend the Complaint to cure these defects, she may do so. The amended complaint should resolve the contradictions in the timeline, as identified in this order. It should also allege whether CCA responded to her inquiries. If CCA did so, the amended complaint should allege what reasons CCA gave for obtaining her report, and whether those reasons were true. The amended complaint should not merely allege CCA didn't request the report for a few of the more common reasons—it must allege that none of the permissible reasons applied. For example, it must allege that CCA was not acting on behalf of some other person or entity that was entitled to obtain the report, and was not

---

[3] In *Thao Pham*, the plaintiff applied to Bank of America for an extension of credit and signed an agreement to allow the Bank to obtain the plaintiff's credit report from time to time. The defendant, Solace Financial, claimed that it was acting as a debt collector for the Bank. If it turned out that the defendant was collecting a debt the plaintiff initiated with the Bank, the court noted, it acted with a permissible purpose. Also, if the defendant acted as the Bank's agent, it was protected by the plaintiff's consent.

1  attempting to collect a debt initiated by Russell. The amended complaint should show this
2  by factual allegations, rather than legal conclusions. The amended complaint should comply
3  with the pleading standard given in Fed. R. Civ. P. 8.
4       An amended complaint must be filed no later than **January 7, 2013.** If an amended
5  complaint is not filed within the time permitted, this action will be dismissed without prejudice
6  but without leave to amend.
7       **IT IS SO ORDERED**.
8  DATED: November 27, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge